# IN THE COURT OF APPEALS OF IOWA

No. 19-1775
Filed January 9, 2020

**IN THE INTEREST OF K.V. and H.V.,**
**Minor Children,**

**K.D., Mother,**
      Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, Mark C. Cord III, District Associate Judge.

A mother appeals the termination of her parental rights to two children. **AFFIRMED.**

Joseph W. Kertels of the Juvenile Law Center, Sioux City, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Patrick T. Parry, Sioux City, guardian ad litem for minor children.

Considered by Doyle, P.J., Tabor, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**DOYLE, Presiding Judge.**

A mother challenges the order terminating her parental rights to her children under Iowa Code section 232.116(1)(d), (g), (h), and (*l*) (2019). We review her claims de novo. *See In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018). We may affirm the termination order if clear and convincing evidence supports one of the grounds for termination. *See In re T.S.*, 868 N.W.2d 425, 435 (Iowa Ct. App. 2015).

The mother does not dispute that the evidence establishes the first three requirements of Iowa Code section 232.116(1)(h), which relate to the children's age, their adjudication as children in need of assistance (CINA), and the amount of time that has passed since their removal from the mother's care. She instead argues the State failed to prove the children could not be returned to the mother at the time of the termination hearing without exposing them to a harm that would lead to new CINA adjudications. *See* Iowa Code § 232.116(1)(h)(4) (requiring "clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102"); *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting the term "at the present time" to mean to mean "at the time of the termination hearing"); *In re M.S.*, 889 N.W.2d 675, 680 (Iowa Ct. App. 2016) (observing that a child cannot be returned to the custody of the parent under section 232.102 if doing so would expose the child to any harm amounting to a new CINA adjudication). We disagree.

The record shows the mother, twenty-four years old at the time of the termination hearing, has a long history of substance use—stretching back to when she was fourteen years old. It was her ongoing substance abuse that led to the termination of her parental rights to three other children. The mother continued

using methamphetamine while pregnant with the two children at issue in this appeal. Both were born testing positive for methamphetamine. Although she claims she had six months of sobriety at the termination hearing, we are skeptical of her claim because the record shows she has been dishonest and evasive throughout the case with any information that she knows will reflect poorly on her. Even assuming the mother has managed six months of sobriety, a short period of sobriety is not a reliable indicator of her ability to remain sober when considered in light of her history, which includes ten years of substance use and several prior failed attempts at sobriety. Also, the family safety, risk, and permanency service provider testified that the mother continues to associate with a friend whose daughter is actively using and that the friend's daughter is usually around when the mother is visiting. As the juvenile court observed, "Six months of sobriety does not wipe away years of use, abuse, and neglect of her children." *See In re Dameron*, 306 N.W.2d 743, 745 (Iowa 1981) (noting that insight to the future "can be gained from evidence of the parent's past performance"). The past is prologue to the future.

Although the mother asserted she was ready to take the children home the day of the termination hearing, she admitted she could not take care of both of them by herself in a supervised visitation setting.

We agree with the juvenile court that clear and convincing evidence shows the children could not be returned to the mother's care at the time of the termination hearing; we affirm the termination of her parental rights under section 232.116(1)(h).

The mother asks for additional time to prove herself a capable parent. *See* Iowa Code § 232.104(2)(b) (allowing the court to continue placement of the child for six more months if it determines "that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period"). But "our legislature has established a limited time frame for parents to demonstrate their ability to be parents." *In re J.E.*, 723 N.W.2d 793, 800 (Iowa 2006). Once the grounds for termination have been proved, time is of the essence. *See In re A.C.*, 415 N.W.2d 609, 614 (Iowa 1987) ("It is unnecessary to take from the children's future any more than is demanded by statute."). As we have often said, children are not equipped with pause buttons. *See In re R.J.*, 436 N.W.2d 630, 636 (Iowa 1989) (noting that once the time period for reunification set by the legislature has expired, "patience on behalf of the parent can quickly translate into intolerable hardship for the children"). "We do not gamble with the [child's] future by asking them to continuously wait for a stable biological parent, particularly at such tender ages." *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). The mother's parental rights have been terminated to three other children. The older of the two children at issue was removed from the mother's care more than fifteen months before the termination hearing. Considering the mother's involvement with the Iowa Department of Human Services and the juvenile court for almost six years, we deny the mother's request for additional time.

Finally, the mother claims there is no need to terminate her parental rights because the goal was to place the children with their respective fathers. Our termination statute provides that the court "need not terminate the relationship between the parent and child if the court finds . . . [a] relative has legal custody of

the child." Iowa Code § 232.116(3)(a). But this provision is permissive, not mandatory. *See A.S.*, 906 N.W.2d at 475. And relative placement does not countermand an otherwise appropriate determination to terminate a parent-child relationship. *See id.* Our primary concern continues to be the child's best interests. *See id.* And for these children, that interest is served by terminating the mother's parental rights.

**AFFIRMED.**